**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jesus RIOS–ZAMORA, Defendant– Appellant.**

**No. 14–3245.**

United States Court of Appeals, Tenth Circuit.

April 10, 2015.

Scott C. Rask, Office of THE United States Attorney, Kansas City, KS, for Plaintiff–Appellee.

Jesus Rios–Zamora, Manchester, KY, pro se.

Before HARTZ, McKAY, and MATHESON, Circuit Judges.

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

HARRIS L. HARTZ, Circuit Judge.

Defendant Jesus Rios–Zamora seeks a certificate of appealability (COA) to appeal the district court's denial of his motion for relief under 28 U.S.C. § 2225. *See* 28 U.S.C. 2255(c)(1)(B) (requiring a COA to appeal denial of a § 2255 motion). We deny a COA and dismiss the appeal.

Defendant pleaded guilty to illegal reentry following deportation after a conviction

for an aggravated felony. *See* 8 U.S.C. § 1326(a). In computing his guidelines sentencing range, the district court applied a 16–level enhancement because Defendant had previously been deported following a conviction for a felony crime of violence. *See* USSG § 2L1.2(b)(1)(A)(ii). The court sentenced him to 70 months' imprisonment. Defendant's § 2255 motion raised a single claim: that his trial counsel was ineffective for failing to challenge the crime-of-violence sentencing enhancement because his prior conviction was not for a crime of violence. The district court denied Defendant's motion and declined to issue a COA.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that ... includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotation marks omitted).

The conviction on which Defendant's sentence enhancement was based was a conviction for violating the Kansas aggravated-battery statute, Kan. Stat. Ann. § 21–3414(a). Our opinion in *United States v. Treto–Martinez,* 421 F.3d 1156, 1158–59 (10th Cir.2005), makes clear that any conviction under that statute satisfies the guidelines definition of a conviction for a crime of violence. Because the sentencing court correctly applied the enhancement, counsel could not have been ineffective for failing to argue the contrary. *See Cannon v. Mullin,* 383 F.3d 1152, 1177 (10th Cir.2004). No reasonable jurist

could debate the denial of Defendant's § 2255 motion.

We DENY Defendant's request for a COA and dismiss the appeal.